IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL T. BLOOMFIELD,                    Civ. No. 05-761-HO

        Plaintiff ,                   ORDER

  v.

Commissioner of Social Security,

        Defendant.

Plaintiff filed this action for review of the final decision of the Commissioner denying his application for a period of disability, disability insurance benefits and supplemental security income. For the reasons explained below, the medical record needs further development. The decision of the Commissioner is therefore reversed, and this matter is remanded for further proceedings before the administrative law judge (ALJ).

## Discussion

Plaintiff alleges that the ALJ improperly rejected

physicians' opinions and lay testimony and failed to provide a full and fair hearing, identify impairments, make severity findings and present a complete hypothetical question to the vocational expert (VE).

Citing to the hearing transcript, but not to the ALJ's written decision, plaintiff contends that the ALJ consumed the hearing time by lecturing plaintiff on medical issues, displayed overt skepticism and made a statement suggesting that he had already made up his mind in the case, and relied on his own interpretations of the medical evidence in assessing plaintiff's residual functional capacity (RFC).  After the ALJ finished his examination of plaintiff, plaintiff's attorney stated he had no further questions.  (Tr. 636).  Plaintiff identifies no evidence that could not be included in the record.  The ALJ's comments do not convince the court that he prejudged plaintiff's case.  The transcript evinces statements by the ALJ that reveal knowledge of medical matters and the ALJ's view of the record.  This is not improper.  In any event, the court's task is to determine whether the findings in the written decision are supported by substantial evidence.

The Commissioner does not direct the court to support in the record for the ALJ's finding that a 90 mg dose of MS Contin is likely problematic for plaintiff, considering his history of dependency.  (Tr. 27).  Lack of support for this finding is

2 - ORDER

harmless in light of the ALJ's related finding, supported by the opinion of Dr. Morton, that it is remarkable that a nurse practitioner prescribes narcotics to plaintiff, considering his history.  (Tr. 27, 438).

The Commissioner and the ALJ do not reference support for the ALJ's finding that porphyria is generally not a disabling impairment.  Based on this finding and the fact that Dr. Retondo did not diagnose porphyria within 12 months of the decision, the ALJ did not find plaintiff disabled with porphyria.  (Tr. 27). Dr. Retondo opined that porphyria can cause or contribute to disabling symptoms in plaintiff's medical history.  (Tr. 508). Dr. Retondo's opinion does nothing to foreclose the possibility that plaintiff has suffered from disabling porphyria for more than 12 months, or that such a condition will last for more than 12 months.  Neither does it establish that plaintiff in fact suffers from disabling porphyria and meets the durational requirement for disabled status.

Without stating reasons for doing so, the ALJ impliedly rejected the opinion of treating psychologist Dr. Ackerman[1] that plaintiff's mental impairments and treatment will cause plaintiff to miss four days of work per month.

Dr. Harris did not, as plaintiff contends, find that

---

[1] The ALJ had difficulty reading Dr. Ackerman's signature, and identified her as Dr. Nolan and as a Ph.D. whose signature is unintelligible.  (Tr. 19, 21).

3 - ORDER

plaintiff's syncophal spells preclude all work. Rather, he noted that there is no demonstrable central nervous system lesion or metabolic cause for these episodes, and that if they are occurring with the stated frequency, it is unlikely an employer would tolerate this. (Tr. 462). The ALJ's finding that plaintiff is limited in working with machinery and heights, or around fumes, odors, chemicals or gases, adequately encompasses Dr. Harris's opinion that plaintiff is not a good candidate for work in an industrial environment. (Tr. 28, 466).

Plaintiff faults the ALJ for providing no rationale for his alleged disagreement with the written statement of examining psychologist Dr. Givi that "the prospect of [plaintiff] maintaining a job given his depression and HIV diagnosis is not very bright." (Tr. 269). The ALJ's RFC adequately accounts for mild deficits found by Dr. Givi to be attributable to plaintiff's major depressive disorder. (Tr. 28, 270). Dr. Givi himself noted that plaintiff's physical condition is stable, and that he is not qualified to comment on plaintiff's physical complaints. (Tr. 269).

Examining physician Dr. Cheek opined that secondary to peripheral neuropathy, claimant "could be expected to stand, walk, and sit for about six hours in an 8-hour workday." (Tr. 275). Plaintiff and the Commissioner disagree as to whether Dr. Cheek meant that during an eight hour day, plaintiff can sit,

stand and walk, each for up to six hours, or that plaintiff can alternately sit, stand and walk for a total of six hours. The ALJ did not adopt plaintiff's interpretation of Dr. Cheek's opinion. Dr. Cheek's statement is ambiguous.

Plaintiff argues that while the ALJ purported to find plaintiff's roommate generally credible, the ALJ in fact rejected the roommate's statement of his observations of plaintiff. The ALJ did not accept plaintiff's roommate's statement of plaintiff's physical limitations because the roommate has no medical expertise. (Tr. 27).

The court finds that the record in this case needs further development, and that a new decision is required. As noted, Dr. Retondo opined that some of plaintiff's symptoms are disabling, and are consistent with a type of porphyria. On remand, the ALJ shall develop the medical record as he deems appropriate and determine whether porphyria is the cause of plaintiff's symptoms, and if so, whether the symptoms are disabling, including whether the 12-month durational requirement is satisfied. The ALJ is of course free to re-contact Dr. Retondo and/or order further examination of plaintiff and/or consult a medical expert to aid in this inquiry.

On remand, the ALJ need not accept Dr. Ackerman's opinion that plaintiff must miss four days of work per month due to mental impairments or treatment. Dr. Ackerman does not explain

5 - ORDER

why the absences would be required. If he chooses to reject Dr. Ackerman's opinion on remand, the ALJ shall state reasons for doing so in the new opinion. The ALJ shall reconsider Dr. Cheek's opinion and plaintiff's roommate's statements in the new opinion, particularly with regard to the ALJ's determination of whether plaintiff experiences symptoms and limitations from porphyria. Of course the ALJ is free to further develop the record respecting the opinions of Dr. Ackerman and Dr. Cheek, and any other matters, as he deems appropriate. Plaintiff's request for mandatory reassignment to a new ALJ is denied.

## Conclusion

The decision of the Commissioner is reversed. This matter is remanded for further proceedings.

IT IS SO ORDERED.

DATED this __22nd__ day of September, 2006.

                                                                        s/ Michael R. Hogan
                                                                 United States District Judge